

FILED
SEP 17 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ROBERT L. ROSE, | ) | CV 10-02-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robert L. Rose, a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983. In his sprawling 44-page Amended Complaint, Rose has named 19 defendants in 31 counts alleging violations based on his confinement as a state prisoner. Rose charges some Defendants for failing to provide medical treatment, others for denying him access to the courts, and then

1

a slew of other Defendants for an assortment of retaliatory acts. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendation on July 14, 2010, recommending numerous claims be dismissed. Judge Strong also found that the remaining claims violated Rules 18 and 20 of the Federal Rules of Civil Procedure by joining various defendants with distinct claims in a single suit. Based on this finding, Judge Strong ordered Rose to notify the Court of which separate claim he would like to proceed with in this action.

After receiving an extension of time to file objections, Rose timely objected to the Findings and Recommendation on August 25, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Rose objects to both Judge Strong's finding that many of his counts fail to state a claim and that his Amended Complaint violates the rules of joinder. Because I agree with Judge Strong's analysis and conclusions on the joinder issue, Rose's numerous other objections will not be addressed herein. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or

2

alternative claims, as many claims as it has against an opposing party." Federal Rule of Civil Procedure 20 allows multiple defendants to be joined in a single action if any right to relief is asserted against them based on "the same transaction . . . or series of transactions" and there is a "question of law or fact common to all defendants." Rose brought an assortment of different claims against a variety of different defendants. Judge Strong found Rose did so in violation of the Federal Rules of Civil Procedure.

Rose objects to this finding because all the named Defendants are under the authority of the Montana Department of Corrections and the allegations regard his confinement. The fact that all the Defendants play some role in his confinement does not change the fact that they are different defendants for the purpose of joining them in a single suit. See George v. Smith, 507 F.3d 605 (7th Cir. 2007).

Rose also objects that his Amended Complaint alleges that the Defendants participated in a series of transactions that injured him. It does not. Rose has alleged a denial of medical care claim that arose in November 2007 and is ongoing, a policy claim based on interference with mail, and an assortment of retaliation claims involving different defendants who acted at different times and for different reasons. This mishmash of claims does not arise out of the same series of transactions or have a question of law or fact that is common to all

3

defendants. To allow Rose's buckshot Amended Complaint to go forward would be inefficient and force a slew of parties to participate in an overly complicated proceeding consisting of numerous, divisible actions.

Finally, Rose objects that forcing him to bring his various claims in different actions would violate the intent of the Prison Litigation Reform Act. The Court does not agree, but regardless, the Prison Litigation Reform Act does not supercede the Federal Rules of Civil Procedure. Id. at 607. Moreover, "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [31]-claim, [19]-defendant suit [would produce,] but also to ensure that prisoners pay the required filing fees–for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id. (citing 28 U.S.C. § 1915(g)). Thus, to allow Rose's action to proceed as is would allow him to dodge the filing fee and possibly avoid a strike for filing a frivolous suit.

Rose's Amended Complaint violates the rules of joinder, and until this is corrected I need not–and will not– address Judge Strong's recommendation to dismiss certain claims found therein on other grounds.

**ORDER**

Based on the foregoing,

4

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #11) is adopted insofar as it finds Rose's Amended Complaint violates the rules of joinder. Rose shall notify the Court of which separate claim he will proceed with in this lawsuit in accordance with Judge Strong's Order (dkt #11).

Dated this 17th day of September, 2010.

Donald W. Molloy, District Judge
United States District Court