

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ROBERT ROSE, | ) | Cause No. CV 10-00002-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JERRY JOHNSON and PAT, | ) | |
| SMITH | ) | |
| | ) | |
| Defendants. | ) | |

Before this Court are the Findings and Recommendations of United States

Magistrate Judge Keith Strong (dkt # 43) recommending that Defendants' Motion

to Dismiss (dkt # 40) be granted.  Plaintiff Robert Rose timely objected (dkt # 44)

and is thus entitled to *de novo* review of the specified findings or

recommendations to which he objects. 28 U.S.C. § 636(b)(1).

For the reasons stated below, this Court agrees with Judge Strong's

reasoning and adopts his findings and recommendations in full.

I.

The underlying complaint was originally one allegation among several lodged by Mr. Rose in a Complaint filed January 7, 2010 (dkt # 2). Mr. Rose filed an Amended Complaint April 14, 2010 (dkt # 10). This Court found that the Amended Complaint violated the rules of joinder and ordered Mr. Rose to notify the Court which counts he intended to pursue (dkt # 17). Mr. Rose notified the court (dkt # 20) that he intended to proceed on the claim underlying this action. Mr. Rose alleges that Defendants Johnson and Smith retaliated against him for filing lawsuits and grievances by transferring him to Crossroads Correctional Center.

On April 1, 2011, Mr. Rose filed a "Notice to the Court Re: Destruction of Documents and Property Restriction" (dkt # 33). He alleged that prison officials confiscated some of his legal documents from this case and other pending cases because the quantity he had retained exceeded prison policy limits. Specifically, Mr. Rose alleges the following legal documents were confiscated: "notes, diaries, daily logs, document evidence, research materials, articles, and copies of filed documents." (Id. at 1.) He was "only allowed to retain portions of legal documents... that are not in excess of the prison[']s maximum allowable" under the prison property policy—"6-1/2 sq. feet." (Id. at 2.) Prison officials also

2

ordered Mr. Rose not to exceed the maximum allowable property limits or he would face disciplinary action and further confiscation.

Mr. Rose concluded that "the above circumstances and MSP property policy" rendered him unable, though not unwilling, to proceed in this case. He stated that because he could not retain any more documents, he could no longer accept further documents from opposing counsel or the court. He also stated that the alleged destruction of his legal documents made trial on the merits of his claims impossible.

April 11, 2011, Defendants filed a motion for summary judgment and mailed a copy to Mr. Rose. (Dkt #34.) He returned the copy to them and did not respond to it.

June 14, Judge Strong issued a Show Cause Order (dkt # 38), ordering the parties to show cause why the matter should not be dismissed pursuant to Rule 41(a)(2) or Rule 41(b). Judge Strong entered an Amended Order to Show Cause July 5, 2011 (dkt # 39). He noted that Mr. Rose did not state which documents were destroyed or if any pertained specifically to this matter. He found that Mr. Rose did not explain why the prison policy, which had been in place for some time, prevented him from responding to the summary judgment motion.

On July 29, 2011, Defendants filed the Motion to Dismiss for Lack of Prosecution that is at issue here (dkt # 40).

3

Mr. Rose responded to the Court's Order to Show Cause (dkt # 42) on August 5, 2011, but he did not respond to the Motion for Summary Judgment or Motion to Dismiss.  Mr. Rose stated that he had returned all of the documents from opposing counsel and the court and that he did not review the Show Cause Order himself, apparently because he did not accept it.  However, he objected to Judge Strong's suggestion that he was voluntarily dismissing the case.

He again claimed that the documents that had been confiscated were necessary for this litigation and to respond to the summary judgment motion.  (Id. at 4.)  He claimed the prison confiscated "witness identification, diaries, logs, work product, etc. etc.[,]" "diaries and logs that identified times, dates and places plaintiff needed to impeach department witnesses," and "documents the defendants claimed did not exist."  (Id. at 2–3.)  However, Mr. Rose again failed to describe the documents or their necessity to this case with any level of specificity that would permit the court to evaluate his general allegations.  In fact, Mr. Rose only described one document specifically: "Plaintiff had a motion to compel[] discovery prepared."  He does not explain how the absence of this document prevents him from litigating the case entirely.

Judge Strong entered Findings and Recommendations granting the Defendants' Motion to Dismiss (dkt # 43).  He reiterated that responding to the motion for summary judgment did not require the production of any documents or

4

evidence that might have been confiscated.  Moreover, he noted that Mr. Rose

continue to refuse to explain to the Court what documents had been destroyed or

taken from him.  Thus, he found Mr. Rose's argument "pretextual and

uncompelling."

Judge Strong determined that Mr. Rose's refusal to litigate the matter

impeded expeditious resolution, impaired Defendants' "ability to proceed to trial

or threaten[s] to interfere with the rightful decision of the case," Malone v. United

States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987), and interfered with the

Court's need to manage its docket.  See Pagtaluman v. Galaza, 291 F.3d 639, 642

(9th Cir. 2002)(citations omitted).  He also found other alternatives were not

appropriate.  Finally, he found that though public policy favors the disposition of

cases on their merits, id., the other factors supporting dismissal here outweigh this

factor.

Mr. Rose's Objections repeat his contention that the prison property policy

prevents him from litigating this matter.  He asserts that Judge Strong must not

have considered his Notice and response to the Show Cause Order, both of which

asserted that Prison officials had taken or destroyed his legal documents.  In

addition to legal documents, he now asserts prison officials took "cloth[es], shoes,

hobby, legal research documents, legal books, etc. etc."  However, he still declines

to explain what legal documents were taken and how this has hampered his ability

5

to prosecute this matter.  He argues that explaining what documents were taken would put in him danger of further retaliation by Defendants.  Mr. Rose proposes that a less drastic alternative than dismissal would be to offer protective orders and permit him to file an Amended Complaint.

II.

Mr. Rose has failed to state grounds for a protective order with sufficient particularity to permit the court to consider the request.  He does not explain what documents relevant to this case were confiscated, why he refuses to receive further documents related to this case, nor why the Prison's property policy prevents him from litigating this case.  He gives the Court no indication of what type of protective order he seeks or against whom he seeks the order, and he does not meet the standard for the issuance of such an order.

To succeed on a claim for preliminary injunctive relief, a party must generally "demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)(quoting Winter v. Nat. Resources Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (9th Cir. 2009)). However, where a prisoner seeks injunctive relief on an access-to-the-courts claim that is separate from any claims in his complaint, the Court need not consider the

6

merits of the underlying suit. Diamontiney v. Borg, 918 F.2d 793, 796 (9th Cir.

1990). In such cases, any preliminary injunction "must be narrowly drawn, extend

no further than necessary to correct the harm the court finds requires preliminary

relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §

3626(a)(2).

Prisoners have a constitutional right to "meaningful access" to the courts.

Lewis v. Casey, 518 U.S. 343, 349–350 (1996). State officials may not "actively

interfer[e]" with inmates' efforts to prepare or file legal documents concerning

nonfrivolous claims. Id. (citing e.g. Johnson v. Avery, 393 U.S. 483, 484,

489–490 (1969); Ex parte Hull, 312 U.S. 546 (1941)). But the right of access to

the courts is only a right to bring petitions or complaints and not a right to

discover such claims or even to litigate them effectively once filed with a court.

See Lewis, 518 U.S. at 354; see also Cornett v. Donovan, 51 F.3d 894, 898 (9th

Cir.1995). Moreover, a prison may impose "reasonable restrictions and restraints"

even if they impair the right of access. Johnson, 393 U.S. at 490 (a prison may

limit the time location of opportunities to give and seek assistance from other

inmates on the preparation of habeas corpus petitions). Furthermore, courts

should avoid excessively interfering in prison administration and "'afford

appropriate deference and flexibility' to prison regulations when evaluating

retaliation claims. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995)(quoting

Sandin v. Conner, 515 U.S. 472, 482–483 (1995).

To establish that his right of access to the courts has been violated, a prisoner must also allege an "actual injury," id. (citing Lewis, 518 U.S. at 349), that is specific, Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). With respect to an existing case, the actual injury must be "actual prejudice ... such as the inability to meet a filing deadline or to present a claim." Id. at 348-49. A claimant must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir.1988); Lewis, 518 U.S. at 350. For a preliminary injunction, the claimant must demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. See Fed.R.Civ.P. 65(b).

Mr. Rose has failed to demonstrate that he is entitled to a protective order. He has also failed to show his right of access to the courts has been infringed and that the prison's property policy is unreasonable. Despite being given the opportunity to demonstrate his allegations through specific facts, he has been unwilling to provide the information required for this Court to act.

Mr. Rose has merely alleged that some of his legal documents and personal items were confiscated because the quantity exceeded the prison property policy. With one exception, he does not explain what legal documents were taken nor why he cannot prosecute this case without them. He has not explained why he cannot

respond to a motion for summary judgment—which would only require an affidavit to identify disputed, material facts. He does not allege that the prison has forbidden him to receive or respond to court mail, and he has not explained why he has mailed back documents from the Defendants nor why he declined to personally review Judge Strong's orders. He has further failed to explain why the prison's property limit of "6 ½ sq. feet." unreasonably infringes on his right to litigate nonfrivolous claims.

Mr. Rose has not demonstrated any actual harm or that he will suffer irreparable harm in the absence of an injunction. His general assertion that he is unable to prosecute this and other actions is too speculative to support an injunction. See Caribbean Marine Servs. Co., Inc., 844 F.2d at 674 (mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction"); see also Fed.R.Civ.P. 65(b) (movant must demonstrate by specific facts that there is a credible threat of immediate and irreparable harm). Though he claims he had drafted a motion to compel that was confiscated, he does not demonstrate that the disappearance of this document constitutes irreparable injury.

Mr. Rose has had three opportunities—his Notice, his response to the Show Cause Order, and his Objections to the Findings and Recommendations—to clarify his injury and what type of protection he seeks. His bare allegations do not show

that his right of access to the courts has been impaired nor that the prison policy is unreasonable or has been unreasonably applied. He does not show that the balance of equities tips in his favor or that an injunction is in the public interest. Mr. Rose has not met the standard for a protective order.

III.

The Court can draw no conclusion but that Mr. Rose is unwilling to prosecute this case. Under Federal Rule of Civil Procedure 41(b), a court may dismiss a complaint for failure to prosecute or to comply with the Rules or a court order. Mr. Rose has refused to litigate this case in any way. He refuses to provide the specific information required to satisfy the standard for a preliminary injunction. While pro se filings are to be interpreted liberally, Haines v. Kerner, 92 S.Ct. 594 (1972), the Court may not supply essential elements that are not pleaded, Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id. Moreover, Mr. Rose has not only failed to respond to Defendants' Motion for Summary Judgment, he also mailed it back. He similarly refused to respond to Defendants' Motion to Dismiss for Lack of Prosecution.

As discussed by Judge Strong, Mr. Rose's refusal to prosecute this matter contravenes the public's interest in expeditious resolution of litigation and the

10

court's need to manage its document. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642

(9th Cir. 2002). His recalcitrance prejudices the Defendants, impairing their

ability to defend themselves or pursue a rightful decision in this case. <u>Malone v.</u>

<u>United States Postal Service</u>, 833 F.2d 128, 131 (9th Cir. 1987). Finally, Mr. Rose

has rejected multiple opportunities to provide the information necessary for the

Court to grant a protective order, which would certainly be a less drastic

alternative to dismissal.

Accordingly, this Court adopts Judge Strong's Findings and

Recommendations in this matter. This case is dismissed pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure, a strike is issued against Mr. Rose, and an

appeal of this issue would not be taken in good faith.

IT IS HEREBY ORDERED as follows:

1. Judge Strong's Findings and Recommendation (dkt # 43) are

ADOPTED.

2. Defendant's Motion to Dismiss (dkt # 40) is GRANTED. This matter is

dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure. The Clerk of Court is directed to terminate all pending motions, close

this matter, and enter judgment in favor of Defendants pursuant to Rule 58 of the

Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that this

11

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Mr. Rose's failure to prosecute is so clear no reasonable person could suppose an appeal would have merit.

Dated this _____ day of October, 2011.

Donald W. Molloy, District Judge
United States District Court